**WILEY REIN LLP**
1776 K Street NW
Washington, DC 20006
(202) 719-7000

David E. Weslow (*pro hac vice*)
dweslow@wileyrein.com

Ari S. Meltzer (*pro hac vice*)
ameltzer@wileyrein.com

Attorneys for Defendants Kent and Heidi Powell

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heidi Powell,<br><br>        Plaintiff,<br><br>        v.<br><br>Kent Powell and Heidi Powell,<br><br>        Defendants. | Case No.  2:16-cv-02386-SRB<br><br>**Motion for Partial<br>Judgment on the Pleadings**<br><br>(Assigned to the Hon. Susan R. Bolton) |

Defendants Kent and Heidi Powell ("Defendants"), pursuant to Fed. R. Civ. P. 12(c), hereby move for entry of a judgment as a matter of law in Defendants' favor on Defendants' counterclaim for no bad faith intent/cyberpiracy in accordance with the accompanying memorandum of points and authorities.

1   DATED this 29th day of September, 2016.

2                                  **WILEY REIN LLP**

3                                   /s/ David E. Weslow /s/
                                   David E. Weslow
4                                  Ari S. Meltzer
                                   *Attorneys for Defendants*
5                                  *Kent and Heidi Powell*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such Filing (NEF) to the following:

>Maria Crimi Speth, Esq.
>Laura Rogal, Esq.
>Jaburg & Wilk, P.C.
>3200 N. Central Avenue, 20th Floor
>Phoenix, AZ 85012
>*Counsel for Plaintiff*

>      /s/ David E. Weslow /s/
>David E. Weslow
>Ari S. Meltzer
>*Attorneys for Defendants*
>*Kent and Heidi Powell*

3

**WILEY REIN LLP**
1776 K Street NW
Washington, DC 20006
(202) 719-7000

David E. Weslow (*pro hac vice*)
dweslow@wileyrein.com

Ari S. Meltzer (*pro hac vice*)
ameltzer@wileyrein.com

Attorneys for Defendants Kent and Heidi Powell

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heidi Powell,<br><br>                           Plaintiff,<br><br>          v.<br><br>Kent Powell and Heidi Powell,<br><br>                           Defendants. | Case No.  2:16-cv-02386-SRB<br><br>**Memorandum of Points and Authorities in Support of Motion for Partial Judgment on the Pleadings**<br><br>(Assigned to the Hon. Susan R. Bolton) |

**I.      INTRODUCTION**

Defendants Kent and Heidi Powell ("Defendants"), pursuant to Fed. R. Civ. P. 12(c), seek an order from this Court that Defendants could not, as a matter of law, have had a bad faith intent to profit from Plaintiff's mark or a specific intent to profit from Plaintiff's name under the Anticybersquatting Consumer Protection Act ("ACPA"). Plaintiff Heidi Powell ("Plaintiff") has admitted that she had "no trademark rights in the alleged mark HEIDI POWELL when [Defendants] registered the heidipowell.com domain name in 2005."  Countercl. ¶ 25 (ECF No. 13); Pl.'s Ans. ¶ 25 (ECF No. 19).

1  That is all the Court needs to know to grant Defendants' Motion for Judgment of the
2  Pleadings.  Under the clear law of this Circuit, a party cannot have bad faith intent to
3  profit from a mark that did not exist at the time the domain name was originally
4  registered.
5  There is an actual dispute between Plaintiff and Defendants Mr. and Mrs.
6  Powell regarding whether Defendants had a bad faith intent to profit from Plaintiff's
7  alleged Heidi Powell mark and a specific intent to profit from Plaintiff's name when
8  they registered the heidipowell.com domain name in 2005.  Accordingly, Defendants
9  are entitled to judgment on the pleadings that they did not have, and could not have
10 had, a bad faith intent to profit under the ACPA or a specific intent to profit from
11 Plaintiff's name.

12 **II.   STATEMENT OF FACTS**

13  Defendants are husband and wife Kent Powell and Heidi Powell.  Compl. ¶ 2
14 (ECF No. 1); Def.'s Ans. ¶ 2 (ECF No. 13).  On or around November 26, 2005,
15 Defendants registered the domain name heidipowell.com.  Countercl. ¶ 11; Pl.'s Ans.
16 ¶ 11.  Plaintiff was born in 1982 with the given name Heidi Lane.  Countercl. ¶¶ 22-
17 23; Pl.'s Ans. ¶¶ 22-23.  Plaintiff did not assume her third legal name "Heidi Powell"
18 until 2010.  Countercl. ¶ 24; Pl.'s Ans. ¶ 24.  When Defendants registered the
19 heidipowell.com domain name in 2005, Plaintiff's legal name was either Heidi Lane
20 (her given name at birth) or Heidi Solomon (sharing a surname with then-husband
21 Derek Solomon).  Countercl. ¶ 25; Pl.'s Ans. ¶ 25.
22

2

1    Plaintiff had no rights in any HEIDI POWELL mark and her legal name was
2 not "Heidi Powell" when Defendants registered the domain name in 2005.
3 Countercl. ¶ 40; Pl.'s Ans. ¶ 40.  Notwithstanding the fact that Plaintiff had no
4 trademark rights in the alleged mark HEIDI POWELL when Defendants registered
5 the heidipowell.com domain name in 2005, and that she did not even assume the
6 legal name Heidi Powell until approximately five years later, Plaintiff filed her
7 Complaint in the present action asserting that the heidipowell.com domain name was
8 registered, trafficked in, and used with bad faith intent to profit from Plaintiff's
9 trademark and that Mr. and Mrs. Powell registered the name with specific intent to
10 profit from Plaintiff's then non-existent name.  Countercl. ¶ 29; Pl.'s Ans. ¶ 29.

11 **III.    LEGAL ARGUMENT**

12    Rule 12(c) of the Federal Rules of Civil Procedure permits any party to bring
13 a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early
14 enough not to delay trial."  The Court should grant judgment on the pleadings where
15 the moving party has "clearly establishe[d] on the face of the pleadings that no
16 material issue of fact remains to be resolved and that it is entitled to judgment as a
17 matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d
18 1542, 1549 (9th Cir. 1990) (citations omitted).  In resolving a motion for judgment
19 on the pleadings, the allegations of the non-moving party should be accepted as true,
20 and all allegations that have been denied are assumed to be false.  *Id.*

21
22

3

1     Defendants are entitled to judgment on the pleadings on their counterclaim for
2 no bad faith intent/cybersquatting because: (1) the pleadings are closed; (2) there is
3 no material issue of fact regarding Defendants' claim for no bad faith
4 intent/cyberpiracy; and (3) Defendants are entitled to judgment as a matter of law.
5 Under the ACPA, a domain name registrant may bring a claim that his or her
6 registration and use of the domain name does not violate the Act.  *See* 15 U.S.C. §
7 1114(2)(D)(v); *Ricks v. BMEzine.com, LLC*, 727 F.Supp.2d 936, 959 (D. Nev. 2010).
8 When evaluating a claim for no bad faith intent/cyberpiracy, the court only needs to
9 consider the ACPA, not the Lanham Act as a whole.  *AIRFX.com v. AirFX LLC*, No.
10 CV 11-01064-PHX-FJM, 2011 WL 5007919, at *2 (D. Ariz. Oct. 20, 2011) (citing
11 *Ricks*, 727 F.Supp.2d at 960).

12     Based solely on the undisputed allegations in Plaintiff's Complaint and
13 Defendants' Counterclaims, the Court should find as a matter of law that Defendants
14 could not have had a bad faith intent to profit from Plaintiff's alleged mark because
15 the mark did not exist at the time Mr. and Mrs. Powell registered the
16 Heidipowell.com domain name.  The cental issue in a case involving allegations of
17 cybersquatting under the ACPA is the registrant's subjective intent in registering the
18 domain name and whether the registrant had a "bad faith intent to profit **from that**
19 **mark**."   15 U.S.C. § 1125(d)(1)(A)(i) (emphasis added); *Ford Motor Co. v.*
20 *Greatdomains.Com, Inc.*, 177 F. Supp. 2d 635, 643 (E.D. Mich. 2001); *Acad. of*
21 *Motion Picture Arts and Scis. v. GoDaddy.com, Inc.*, No. 13-cv-8458, 2015 WL
22

4

1 5311085, at *51-52 (C.D. Cal. Sept. 10, 2015) (contrasting "a generalized intent to

2 profit with the ACPA's *bad faith* intent to profit off [plaintiff's] *specific marks*")

3 (emphasis in original).  When the Defendants registered the heidipowell.com domain

4 name in 2005, Plaintiff's legal name was Heidi Solomon (or possibly Heidi Lane),

5 and she did not use the name Heidi Powell as a pseudonym or in any other manner.

6 As a result, under the controlling law in the Ninth Circuit, it was impossible for

7 Defendants to have had a bad faith intent to profit off of Plaintiff's mark.

### A.      **Defendants Had No Bad Faith Intent to Profit From Plaintiff's Non-Existent Mark.**

The ACPA clearly states that the asserted mark must have been distinctive, i.e., in existence and entitled to trademark protection, at the time of the domain name registration.  15 U.S.C. § 1125(d)(1)(A).  Moreover, it is the clear law of this Circuit that a plaintiff cannot prevail on a claim under the ACPA by arguing that the registrant developed a specific bad faith intent to profit at some time after registering the mark; rather, the bad faith intent must be present "at the time of registration." *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1030 (9th Cir. 2011).[1]

The Ninth Circuit's ruling in *GoPets* is legally indistinguishable from the present case and creates an insurmountable barrier to Plaintiff's claim.  There, defendant Edward Hise registered the domain name gopets.com in March 1999 in

---

[1] Although <u>evidence</u> of specific bad faith intent to profit from the mark may arise after the initial registration, s*ee Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1202 (9th Cir. 2009), *GoPets* makes clear that the registration must have been made with a specific bad faith intent to profit from a mark that was valid at the time of the domain name registration—notwithstanding the date of any alleged <u>evidence</u> of the prior bad faith registration.

5

1   connection with a business class in which he was enrolled. *Id.* at 1026-27. Five
2   years later, the plaintiff, GoPets Ltd., was founded. *Id.* at 1027. GoPets Ltd. made
3   several unsuccessful attempts to purchase the domain name from Hise. *Id.* When
4   GoPets Ltd. advised Hise that it had registered the domain name gopetslive.com and
5   was about to launch a marketing campaign connected to that domain name, Hise
6   explicitly threatened to use the gopets.com domain name to cause confusion between
7   the domain names by developing gopets.com and "add[ing] metatags to the code of
8   gopets.com, so that users who wanted to access the GoPets Ltd. game found at
9   gopetslive.com would be directed to gopets.com instead." *Id.* at 1028. Hise then
10  offered to sell gopets.com to GoPets Ltd. for $5 million. *Id.* GoPets Ltd. filed suit in
11  the U.S. District Court for the Central District of California alleging, among other
12  things, that Hise's conduct constituted cybersquatting under the ACPA. *Id.* at 1029.
13  The district court granted summary judgment in GoPets Ltd.'s favor. *Id.*

14        On appeal, however, the Ninth Circuit reversed and remanded the grant of
15  summary judgment with regard to Hise's registration of gopets.com. The appeals
16  court emphasized that the text of the ACPA requires that the trademark must have
17  been distinctive "*at the time of registration* of the domain name." *Id.* at 1030
18  (emphasis in original). Accordingly, notwithstanding Hise's transparent attempt to
19  coerce GoPets Ltd. into paying an inflated price for the gopets.com domain name,
20  the Ninth Circuit concluded that "[b]ecause Edward Hise registered gopets.com in
21  1999, long before GoPets Ltd. registered its service mark, Digital Overture's re-
22

1 registration and continued ownership of gopets.com does not violate § 1125(d)(1)."
2 *Id.* at 1032. This Court has confirmed that *GoPets* overruled any contrary case law
3 addressing the date of registration that is the focus of an ACPA claim. *See*
4 *AirFX.com v. AirFX, LLC*, No. CV 11-01064-PHX-FJM, 2013 WL 857976, at *2 (D.
5 Ariz. Mar. 7, 2013) (explaining that *GoPets* "made it clear that a company's re-
6 registration of a domain name that was first registered 'long before [trademark
7 owner] registered its service mark' did not violate the ACPA, because the re-
8 registration 'was not a registration within the meaning of § 1125(d)(1)'").

9       The U.S. District Court for the Northern District of Texas reached a similar
10 conclusion in *Ultimate Living Int'l, Inc. v. Miracle Greens Supplements, Inc.*, No.
11 3:05-CV-1745-M, 2007 WL 14258, at *7 (N.D. Tex. Jan. 3, 2007). There, the
12 plaintiff sold the nutritional supplement "Green Miracle" nationwide since 1996 and
13 registered the mark in 1997. *Id.* at *1. The defendant, Miracle Greens, had been
14 selling a nutritional supplement of the same name since 1997. *Id.* Plaintiff alleged
15 that Miracle Greens' use of the domain name miraclegreens.com violated the ACPA.
16 *Id.* at *7. The court disagreed, however, finding that the plaintiff could not prove the
17 required element of specific bad faith intent because it required a showing that the
18 defendant "learned of the Green Miracle mark *before* adopting the domain name, a
19 proposition unsupported by any record evidence advanced by" the trademark
20 owner." *Id.* (emphasis in original).

21
22

7

The U.S. District Court for the Eastern District of Virginia, which has handled the vast majority of ACPA cases since enactment of the statute, has repeatedly found an absence of bad faith intent under the ACPA where the plaintiff lacked trademark rights when the registrant registered the domain name or the registrant was unaware of such rights. *See Wagner v. LindaWagner.com*, 16-cv-053 [Doc. 67] (E.D. Va. Aug. 15, 2016) (finding that "it is impossible to infer that [the registrant] acted with intent to harm the goodwill associated with a purported mark of which it was unaware"); *Carpenter v. MySchool.com*, 15-cv-212 [Doc. 187] (E.D. Va. Oct. 26, 2015) (granting summary judgment where "at the time of the registration [of the domain name], the plaintiff had failed to present sufficient evidence [to] support a finding of bad faith of intent to profit from the plaintiff's mark").

In the instant case, as the Complaint acknowledges, Defendants registered the heidipowell.com domain name on or about November 26, 2005. *See* Compl. ¶ 19; Countercl. ¶ 12; Pl.'s Ans. ¶ 12. At that time, Plaintiff's legal name was not Heidi Powell. Countercl. ¶ 25; Pl.'s Ans. ¶ 25. Plaintiff did not assume the name Heidi Powell until 2010, and her recently filed trademark application does not claim use of "Heidi Powell" as a trademark until September 2014. Countercl. ¶¶ 24, 26-27; Pl.'s Ans. ¶¶ 24, 26-27. In short, as Plaintiff has admitted, "Plaintiff had no trademark rights in the alleged mark HEIDI POWELL when Mr. and Mrs. Powell registered the heidipowell.com domain name in 2005 and . . . she did not even assume the legal

name Heidi Powell until approximately five years later." Countercl. ¶ 25; Pl.'s Ans. ¶ 25.

Just as the defendant in *GoPets* could not have had a bad faith intent to profit from the plaintiff's mark where the defendant registered the domain name several years before the plaintiff commenced use of the alleged mark, the same principle applies to the Defendants in this case. Because Plaintiff's purported trademark was neither distinctive nor famous when Defendants registered the heidipowell.com domain name in 2005 (indeed, the alleged trademark did not exist because Plaintiff's name was not Heidi Powell at that time), Defendants could not have had a bad faith intent.

### B.     Defendants Had No Specific Intent to Profit Off of Plaintiff's Name.

For much the same reason that Defendants could not have had bad faith intent to profit from Plaintiff's mark, they also could not have intended to profit from her name. Under the ACPA's section regarding Cyberpiracy Protection for Individuals, "[a]ny person who registers a domain name that consists of the name of another living person . . . without that person's consent, *with the specific intent to profit from such name* by selling the domain name for financial gain to that person or any third party, shall be liable in a civil action by such person." 15 U.S.C. § 8131(1)(A) (emphasis added). "The plain language of § 8131 requires that the defendant have *acquired* the domain name 'with the specific intent to profit from such name by selling the domain name for financial gain to th[e] person [whose name it

9

1  incorporates] or any third party.'" *Cazorla v. Hughes*, No. CV1402112MMMCWX,

2  2014 WL 12235425, at *14 (C.D. Cal. Apr. 7, 2014) (emphasis added).

3       At the time Defendants registered the heidipowell.com domain name, it did

4  not consist of the plaintiff's name (although it did consist of Defendant's own name).

5  Countercl. ¶ 40; Pl.'s Ans. ¶ 40.  Put simply, if Defendants had a specific intent to

6  profit from the Plaintiff's name in 2005, they would have registered Heidilane.com

7  or heidisolomon.com, not heidipowell.com.  Accordingly, Defendants are entitled to

8  a judgment that, as a matter of law, they did not and could not have registered the

9  heidipowell.com domain name with a specific intent to profit from Plaintiff's name.

10 **IV.**  **<u>CONCLUSION</u>**

11      For the foregoing reasons, the Court should grant Defendants' Motion for

12 Partial Judgment on the Pleadings and issue an order declaring that, as a matter of

13 law, Defendants could not have had a bad faith intent to profit from Plaintiff's then

14 non-existent mark or to profit from Plaintiff's then non-existent name.

15      DATED this 29th day of September, 2016.

16                                 **WILEY REIN LLP**

17                              /s/ David E. Weslow /s/
                            David E. Weslow

18                             Ari S. Meltzer
                            *Attorneys for Defendants*

19                             *Kent and Heidi Powell*

20

21

22

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such Filing (NEF) to the following:

>Maria Crimi Speth, Esq.
>Laura Rogal, Esq.
>Jaburg & Wilk, P.C.
>3200 N. Central Avenue, 20th Floor
>Phoenix, AZ 85012
>*Counsel for Plaintiff*

>    /s/ David E. Weslow /s/
>David E. Weslow
>Ari S. Meltzer
>*Attorneys for Defendants*
>*Kent and Heidi Powell*