**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Maria Crimi Speth (012574)
mcs@jaburgwilk.com
Laura Rogal (025159)
lar@jaburgwilk.com

Attorneys for Plaintiff

**United States District Court**

**For The District Of Arizona**

| | |
|---|---|
| Heidi Powell, an Arizona resident,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Kent Powell and Heidi Powell, husband and wife,<br><br>　　　　Defendants. | Case No. 2:16-cv-02386-SRB<br><br>**Amended Answer to Counterclaim**<br><br>(Assigned to the Hon. Susan R. Bolton) |

For her Answer to the Counterclaim (Doc. 13), Plaintiff Heidi Powell hereby responds as follows:

1.　Plaintiff denies the allegations contained in Paragraph 1 of the Counterclaim.

2.　Plaintiff admits only that Plaintiff changed her name to Heidi Powell in 2010 and that she has appeared on reality television but lacks sufficient information to admit or deny the remaining allegations in Paragraph 2 of the Counterclaim and therefore denies the same.

3.　Plaintiff denies the allegations contained in Paragraph 3 of the Counterclaim.

4.    Plaintiff denies the allegations contained in Paragraph 4 of the Counterclaim.

5.    Plaintiff denies the allegations contained in Paragraph 5 of the Counterclaim.

6.    Plaintiff denies the allegations contained in Paragraph 6 of the Counterclaim.

7.    Plaintiff admits the allegations contained in Paragraph 7 of the Counterclaim.

8.    Plaintiff admits the allegations contained in Paragraph 8 of the Counterclaim.

9.    Plaintiff admits the allegations contained in Paragraph 9 of the Counterclaim.

10.    Plaintiff lacks sufficient information to admit or deny the allegations in Paragraph 10 of the Counterclaim and therefore denies the same.

11.    Plaintiff denies the allegations contained in Paragraph 11 of the Counterclaim, and affirmatively allege that Kent Powell registered the domain name.

12.    Plaintiff lacks sufficient information to admit or deny the allegations in Paragraph 12 of the Counterclaim and therefore denies the same.

13.    Plaintiff lacks sufficient information to admit or deny the allegations in Paragraph 13 of the Counterclaim and therefore denies the same.

14.    Plaintiff denies the allegations contained in Paragraph 14 of the Counterclaim.

15.    Plaintiff denies the allegations contained in Paragraph 15 of the Counterclaim.

16.    Plaintiff admits the allegations contained in Paragraph 16 of the Counterclaim.

17. Plaintiff admits the allegations contained in Paragraph 17 of the Counterclaim.

18. Plaintiff admits the allegations contained in Paragraph 17 of the Counterclaim.

19. Plaintiff lacks sufficient information to admit or deny the allegations in Paragraph 19 of the Counterclaim and therefore denies the same.

20. Plaintiff denies the allegations contained in Paragraph 20 of the Counterclaim.

21. Plaintiff denies the allegations contained in Paragraph 21 of the Counterclaim.

22. Plaintiff admits only that she was born in 1982 and lacks sufficient information to admit or deny the remaining allegations in Paragraph 22 of the Counterclaim and therefore denies the same.

23. Plaintiff admits the allegations contained in Paragraph 23 of the Counterclaim.

24. Plaintiff admits the allegations contained in Paragraph 24 of the Counterclaim.

25. Plaintiff admits the allegations contained in Paragraph 25 of the Counterclaim.

26. Plaintiff admits the allegations contained in Paragraph 26 of the Counterclaim.

27. Plaintiff admits the allegations contained in Paragraph 27 of the Counterclaim.

28. Plaintiff admits the allegations contained in Paragraph 28 of the Counterclaim.

1    29.    Plaintiff admits the allegations contained in Paragraph 29 of the Counterclaim.

3    30.    Plaintiff denies the allegations contained in Paragraph 30 of the Counterclaim.

5    31.    Plaintiff denies the allegations contained in Paragraph 31 of the Counterclaim.

7    32.    Plaintiff repeats and realleges each of her responses as if fully set forth herein.

9    33.    Plaintiff denies the allegations contained in Paragraph 33 of the Counterclaim.

11    34.    Plaintiff denies the allegations contained in Paragraph 34 of the Counterclaim.

13    35.    Plaintiff denies the allegations contained in Paragraph 35 of the Counterclaim.

15    36.    Plaintiff denies the allegations contained in Paragraph 36 of the Counterclaim.

17    37.    Plaintiff denies the allegations contained in Paragraph 37 of the Counterclaim

19    38.    Plaintiff repeats and realleges each of her responses as if fully set forth herein.

21    39.    Plaintiff denies the allegations contained in Paragraph 39 of the Counterclaim.

23    40.    Plaintiff admits the allegations contained in Paragraph 40 of the Counterclaim, and affirmatively allege that Plaintiff had rights in the trademark when the Defendants re-registered the domain name.

41. Plaintiff denies the allegations contained in Paragraph 41 of the Counterclaim.

42. Plaintiff denies the allegations contained in Paragraph 42 of the Counterclaim.

43. Plaintiff denies the allegations contained in Paragraph 43 of the Counterclaim.

44. Plaintiff denies the allegations contained in Paragraph 44 of the Counterclaim.

45. Plaintiff denies the allegations contained in Paragraph 45 of the Counterclaim.

46. Plaintiff denies the allegations contained in Paragraph 46 of the Counterclaim.

47. Plaintiff denies the allegations contained in Paragraph 47 of the Counterclaim.

48. Plaintiff denies the allegations contained in Paragraph 48 of the Counterclaim.

49. Plaintiff denies the allegations contained in Paragraph 49 of the Counterclaim.

**AFFIRMATIVE DEFENSES**

For her affirmative defenses, Plaintiff alleges as follows:

A. Failure to state a claim upon which relief may be granted;

B. Defendant lacks standing because she does not own the domain name at issue;

C. Defendants reserved the domain name at issue in bad faith;

D. The parties have an enforceable agreement to mutually dismiss the case;

  E. Defendants' claims are barred by the doctrine estoppel, laches, and/or waiver;

  F. Defendants' claims are barred by the doctrine of unclean hands;

  G. Defendants have failed to mitigate damages;

  H. Defendants lack any economic damages;

  I. Defendants have committed fraud; and

  J. Plaintiff reserves the right to assert any other affirmative defense if facts should be revealed during the course of discovery which would support assertion of such defenses.

 WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendants as to the Counterclaims, with Defendants to take nothing and Plaintiff to recover her reasonable fees and costs incurred defending the Counterclaims in accordance with the Lanham Act and all other applicable laws.

 DATED this 29th day of September, 2016.

       **Jaburg & Wilk, P.C.**

       /s/ Maria Crimi Speth
       Maria Crimi Speth
       Laura Rogal
       3200 N. Central Avenue, 20th Floor
       Phoenix, AZ 85012
       Attorneys for Plaintiff

*Certificate of Service*

I hereby certify that on September 29, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David E. Weslow
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006

Ari Scott Meltzer
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006

/s/Debra Gower

18796-18796-00001\MCS\MCS\2245915.1