**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Maria Crimi Speth (012574)
mcs@jaburgwilk.com
Laura Rogal (025159)
lar@jaburgwilk.com

Attorneys for Plaintiff

**United States District Court**

**For The District Of Arizona**

| | |
|---|---|
| Heidi Powell, an Arizona resident, | Case No. 2:16-cv-02386-SRB |
| Plaintiff, | |
| v. | **Motion to Enforce Settlement Against Defendants** |
| Kent Powell and Heidi Powell, husband and wife, | (Assigned to the Hon. Susan R. Bolton) |
| Defendants. | |

Plaintiff Heidi Powell hereby moves the Court to enforce the settlement she reached with Defendants Kent and Heidi Powell. The parties reached a settlement to mutually dismiss the lawsuit with prejudice, and Defendants have purported to revoke their assent. This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   SALIENT FACTS**

In a letter dated September 9, 2016, Plaintiff offered a mutual dismissal of the lawsuit. **Exhibit A**. Defendants responded that they would only dismiss if it was with prejudice. **Exhibit B**. Plaintiff responded by email in agreement to the terms, and, in

1 execution of the agreement, provided the appropriate joint motion to dismiss. **Exhibit C**. Defendants thereafter attempted to change the terms of the joint dismissal and have since purported to revoke their initial assent entirely. **Exhibit D**.

## II.  ARGUMENT

### A.  The Parties Have a Binding Agreement, and Defendants Cannot Repudiate.

Federal courts apply state law principles when interpreting contracts. *Cooper v. QC Fin. Services, Inc.*, 503 F. Supp. 2d 1266, 1276 (D. Ariz. 2007); *Haugland v. Winnebago Indus.*, 327 F. Supp. 2d 1092, 1096 (D. Ariz. 2004).

The ordinary rules of contract apply to the parties' settlement agreement. *See Lamb v. Arizona Country Club*, 124 Ariz. 32, 34, 601 P.2d 1068, 1070 (App. 1979) (holding that contract principles applied to enforceability of negotiated settlement). "It is elementary that before there can be a binding contract there must be mutual consent of the parties but once it is mutually agreed between them the contract [is] formed and is binding according to its terms." *Spellman Lumber Co. v. Hall Lumber Co.*, 73 Ariz. 322, 325, 241 P.2d 196, 198 (1952). Mutual assent arises where there has been an offer and an acceptance of the offer. *Id.* (holding that contract was formed when one party formally accepted the offer of the other by mailing a written confirmation). Moreover, pursuant to LRCiv. 83.7, an agreement in writing signed by counsel is binding between the parties.

Plaintiff extended a settlement offer to mutually dismiss the lawsuit by sending a letter through counsel. **Exhibit A**. Thereafter, Defendants extended a counteroffer to mutually dismiss *with prejudice* through a letter signed by their counsel. **Exhibit B**. And, Plaintiff's counsel responded by email that the counteroffer was accepted and provided the appropriate joint motion in execution of the agreement. **Exhibit C**. The agreement is therefore binding and enforceable between the parties. *See id.*; *see also Hays v. Fischer,* 161 Ariz. 159, 164, 777 P.2d 222, 227 (App. 1989) ("[W]here the

18796-18796-00001\AKH\AKH\2247815.2

client expressly so authorizes the attorney, the attorney may enter into an agreement on the client's behalf compromising a lawsuit, and his action in doing so binds the client."). However, after the binding agreement was reached, defense counsel attempted to alter the agreement by demanding a new material term, and, although Plaintiff had not yet responded to request for the additional term, Defendant then purported to revoke Defendants' assent altogether. **Exhibit D**. But the agreement was binding, and Defendants could not revoke the agreement.

Furthermore, Defendants cannot claim that their lawyers did not have permission to settle the matter on their behalf. *See United Liquor Co. v. Stephenson*, 84 Ariz. 1, 5, 322 P.2d 886, 888 (1958) ("Upon making a settlement within the apparent scope of his authority, the principal whom he represents is bound thereby, and cannot subsequently shelter himself behind a restriction upon the authority of the agent, of which the party dealing had no notice or reason to believe existed, and which was not disclosed at the time of the transaction.") (internal quotations and citations omitted); *Canyon Contracting Co. v. Tohono O'Odham Hous. Auth.*, 172 Ariz. 3 89, 392, 837 P.2d 750,753 (App. 1992) (settlement agreement entered into based on apparent authority of counsel to enter into the agreement would be enforceable upon showing that party's conduct allowed other party reasonably to conclude that counsel was authorized to settle the matter, that other party relied on counsel's apparent authority, and that the reliance was reasonable); *accord Perry v. Ronan*, 225 Ariz. 49, 51-53, 234 P .3d 617, 619-621 (App. 2010) (where party's counsel conveyed offer but failed to include deadline, and offer was accepted by other party who had no reason to know that deadline had passed and that offeror had fired his attorney, settlement agreement was created notwithstanding offeror's argument that attorney did not have authority to extend offer beyond the deadline).

Neither Defendants nor their counsel advised Plaintiff that defense counsel lacked authority to settle this matter. Plaintiff's reliance on the authority of defense counsel was reasonable.

Therefore, in an exchange of letters between counsel, the parties entered into a binding agreement to mutually dismiss the current lawsuit with prejudice. Plaintiff respectfully requests that the Court enforce the settlement agreement between the parties and dismiss the case with prejudice.

### B.   The Court Should Award Plaintiff her Fees

This Motion arises out of contract for purposes of awarding fees under A.R.S. §12-341.01(A), and Plaintiff respectfully requests that the Court enter such award on its behalf. *See Hays*, 161 Ariz. at 166, 777 P.2d at 229; *Lamb*, 124 Ariz at 34, 601 P.2d at 1070. The Court should also award Plaintiff her fees under A.R.S. § 12-349, as defense counsel has no reasonable justification for repudiating the settlement agreement. Defense counsel's conduct merely compounds the proceedings and squanders both public and private resources. Therefore, an award of attorney fees is justified, both to reimburse the expense of enforcing the agreement and the continued expense of defense counsel' aggressive litigation tactics that would not have been incurred if not for the purported repudiation.

### III.   CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff Heidi Powell respectfully requests that the Court enter an Order enforcing the settlement agreement—or alternatively requiring Defendants and their counsel to show cause why it should not be enforced—and awarding Plaintiff her reasonable attorney fees and costs under A.R.S. §§ 12-341.01 & 12-349.

DATED this 3rd day of October, 2016.

**Jaburg & Wilk, P.C.**

/s/Maria Crimi Speth
Maria Crimi Speth
Laura Rogal
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Plaintiff

*Certificate of Service*

I hereby certify that on October 3, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David E. Weslow
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006

Ari Scott Meltzer
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006

/s/Debra Gower

18796-18796-00001\AKH\AKH\2247815.2