**WILEY REIN LLP**
1776 K Street NW
Washington, DC 20006
(202) 719-7000

David E. Weslow (*pro hac vice*)
dweslow@wileyrein.com

Ari S. Meltzer (*pro hac vice*)
ameltzer@wileyrein.com

Attorneys for Defendants Kent and Heidi Powell

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heidi Powell,<br><br>                    Plaintiff,<br><br>         v.<br><br>Kent Powell and Heidi Powell,<br><br>                    Defendants. | Case No.  2:16-cv-02386-SRB<br><br>**Notice of Supplemental Information**<br><br>(Assigned to the Hon. Susan R. Bolton) |

Defendants Kent and Heidi Powell ("Defendants") provide notice of supplemental information concerning Defendants' Response in Opposition to Plaintiff's Motion for Sanctions and Defendants' Cross-Motion for Sanctions (ECF No. 35) and Defendants' Reply in Support of Cross-Motion for Sanctions (ECF No. 38).  The supplemental information consists of: (1) a filing by the bankruptcy trustee in Defendants' 2012 bankruptcy withdrawing his motion to sell the domain name to the Plaintiff in this case; and (2) the bankruptcy trustee's motion to sell the bankruptcy estate's interest (if any) in the heidipowell.com domain name back to Defendants.

In her Motion for Sanctions, Plaintiff argued that Rule 11 sanctions should be imposed because the heidipowell.com domain name is "the property of the bankruptcy estate." ECF No. 34 at 6. In response, Defendants explained that: (1) it is irrelevant who "owns" the domain name, as Defendants were and are the registrant of the heidipowell.com domain name; and (2) even if ownership of the domain name were relevant, "Plaintiff cannot establish that the bankruptcy estate owns the domain name." ECF 34 at 7-10.

The supplemental information demonstrates that the bankruptcy trustee himself agrees with Defendants. On December 30, 2016, the bankruptcy trustee filed a notice that he was withdrawing his motion to sell the domain name to Plaintiff. *See* Exhibit A. Then, on January 3, 2017, the bankruptcy trustee filed papers "withdraw[ing] his motion authorizing the sale to [Plaintiff] for $10,000 of the bankruptcy estate's interest in the domain name https://www.heidipowell.com, and bring[ing] another motion to instead sell the non-exempt equity in said domain name for $2,047.00 to [Defendants]." *See* Exhibit B at 1. In his motion, the bankruptcy trustee specifically acknowledged that "[i]t is unclear whether the domain name is an asset of the bankruptcy estate."[1]

---

[1] Although it appears that Plaintiff is attempting to convince the bankruptcy trustee to change positions by offering more money in her unrelenting quest to take the domain name away from Defendants, this does not alter the bankruptcy trustee's admission in the attached court filings that the estate may not own the domain.

1  Although Defendants continue to maintain that they have always owned the
2  domain name, and this issue is irrelevant to Defendants' assertion of counterclaims
3  as the registrant of the domain name, the bankruptcy trustee's position on ownership
4  of the domain name further demonstrates the baselessness of Plaintiff's motion for
5  Rule 11 sanctions and the appropriateness of an entry of sanctions against Plaintiff
6  and Plaintiff's counsel for filing such a motion.  The bankruptcy trustee's pleading
7  confirms that Plaintiff's assertion that "Defendants are aware that Defendants do not
8  own the domain" was incorrect.  Thus, to the extent that Defendants' knowledge
9  about who owned the domain name is relevant (which it is not), it is clear that
10 Defendants' belief that they continue to own the domain name is reasonable, and any
11 claims based thereupon are justified.
12         DATED this 14th day of January, 2017.

                                         **WILEY REIN LLP**

                                             /s/ David E. Weslow /s/
                                         David E. Weslow
                                         Ari S. Meltzer
                                         *Attorneys for Defendants*
                                         *Kent and Heidi Powell*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such Filing (NEF) to the following:

> Maria Crimi Speth, Esq.
> Laura Rogal, Esq.
> Jaburg & Wilk, P.C.
> 3200 N. Central Avenue, 20th Floor
> Phoenix, AZ 85012
> *Counsel for Plaintiff*

>    /s/ David E. Weslow /s/
> David E. Weslow
> Ari S. Meltzer
> *Attorneys for Defendants*
> *Kent and Heidi Powell*

# EXHIBIT A

```
MIME-Version:1.0
From:ecfwebmaster@wawb.uscourts.gov
To:ecfwebmaster
Bcc: christina.fogg@usdoj.gov, christine.leininger@usdoj.gov, sherri@lesterhyldahl.com, tom@lesterhyldahl.com
Do not notice for BK case:

Message-Id:<29680334@wawb.uscourts.gov>
Subject:Kent Douglas Powell and Heidi Powell 12-11140-MLB Ch 7  Notice to Court Motion Withdrawn, Hearing Stricken
```

Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

## Western District of Washington

Notice of Electronic Filing

The following transaction was received from Dennis Lee Burman entered on 12/30/2016 at 7:15 PM PST and filed on 12/30/2016
**Case Name:**       Kent Douglas Powell and Heidi Powell
**Case Number:**     12-11140-MLB
**Document Number:**

**Docket Text:**
Notice to Court Motion Withdrawn, Hearing Stricken on Date of Hearing: 1/11/2017. Filed by Dennis Lee Burman on behalf of Dennis Lee Burman. (Related document(s)[25] Ch 7 Tr Motion, [26] Trustee or UST Notice of Hearing mailed by BNC, Minutes Hearing Held). (Burman, Dennis)

The following document(s) are associated with this transaction:

**12-11140-MLB Notice will be electronically mailed to:**

Dennis Lee Burman
dburman@premier1.net, dburman@ecf.epiqsystems.com

Christina Fogg on behalf of Defendant United States Department of Education
christina.fogg@usdoj.gov, christine.leininger@usdoj.gov

Thomas E. Lester on behalf of Debtor Kent Douglas Powell
sherri@lesterhyldahl.com, tom@lesterhyldahl.com

Thomas E. Lester on behalf of Joint Debtor Heidi Powell
sherri@lesterhyldahl.com, tom@lesterhyldahl.com

Thomas E. Lester on behalf of Plaintiff Heidi Powell
sherri@lesterhyldahl.com, tom@lesterhyldahl.com

Thomas E. Lester on behalf of Plaintiff Kent Douglas Powell
sherri@lesterhyldahl.com, tom@lesterhyldahl.com

United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

12-11140-MLB Notice will not be electronically mailed to:

# EXHIBIT B

JUDGE MARC L. BARRECA
Chapter:  7
Hearing Location: Marysville, WA
Hearing Date:  : January 25, 2017
Hearing Time: 10:00 a.m.
Response Date: January 18, 2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 12-11140 MLB |
| KENT DOUGLAS POWELL and | ) | |
| HEIDI POWELL, | ) | **MOTION FOR ORDER APPROVING** |
| | ) | **SALE OF NON-EXEMPT EQUITY IN** |
| Debtors. | ) | **DOMAIN NAME BACK TO DEBTORS** |
| | ) | |
| | ) | |

   Dennis Lee Burman, Trustee, now withdraws his motion for an order authorizing the sale to another individual named Heidi Powell for $10,000.00 of the bankruptcy estate's interest in the domain name https://www.heidipowell.com, and brings another motion to instead sell the non-exempt equity in said domain name for $2,047.00 to Debtors.

   Debtor did not initially schedule the domain name.  Only after the case was reopened and the Trustee moved to sell the domain name for $10,000.00 did the Debtors assert an exemption in the domain name in the amount of $7,953.00.  Trustee timely objected to the claim of exemption.

   It is unclear whether the domain name is an asset of the bankruptcy estate.  It is unclear whether Debtors properly claimed the exemption in the domain name.  Under the circumstances, given that it's possible that the estate might end up with no funds at all, and given that the estate would not receive more than $2,047.00  if the exemption was allowed by the Court and the sale to the other Heidi Powell was allowed by the Court, Trustee has chosen to sell the non-exempt

MOTION FOR ORDER APPROVING  SALE OF NON-
EXEMPT EQUITY IN DOMAIN NAME BACK TO
DEBTORS

Dennis Lee Burman, Attorney at Law
1103 Ninth Street
P.O. Box 1620
Marysville, WA 98270
Phone  (360) 657-3332
Fax     (360) 657-3522

Case 12-11140-MLB    Doc 34    Filed 12/30/16    Ent. 12/30/16 19:58:57    Pg. 1 of 2

1 | portion of the domain name back to Debtors.

2 | DATED: December 30, 2016        /s/ Dennis Lee Burman

3

4 | DENNIS LEE BURMAN, WSBA #7875
Attorney for Trustee

MOTION FOR ORDER APPROVING SALE OF NON-EXEMPT EQUITY IN DOMAIN NAME BACK TO DEBTORS

Dennis Lee Burman, Attorney at Law
1103 Ninth Street
P.O. Box 1620
Marysville, WA 98270
Phone (360) 657-3332
Fax    (360) 657-3522

Case 12-11140-MLB    Doc 34    Filed 12/30/16    Ent. 12/30/16 19:58:57    Pg. 2 of 2